**Stuart ROBBINS, CHB License Number 5522 Plaintiff,**

v.

**SECRETARY OF THE TREASURY, Defendant.**

**Court No. 85–9–01319.**

United States Court of International Trade.

April 27, 1990.

---

Thomas, Rabb & Strader, P.A. (Daniel W. Raab, of counsel), for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office (Michael P. Maxwell, attorney), Dept. of Justice, Civ. Div., Commercial Litigation Branch, for defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

Plaintiff brought this action to challenge the revocation of his Customshouse Broker's License by the Secretary of the Treasury. The revocation arose from the same facts as gave rise to the case of *Allen Robbins and Robbins, Inc. v. James A. Baker, Et Al.,* Court. No. 85–10–01442. The underlying cause of the revocation was the repeated failure of the brokerage of Robbins, Inc. to timely pay over to the Customs Service the sums paid to it by importers for customs duties.

The main distinction sought to be drawn by the plaintiff is based on his position that he was not actively involved in the affairs of the brokerage during the period in which the violations occurred. Plaintiff's complaint has three counts. The first alleges that the Secretary of the Treasury libeled him by calling the grounds for revocation a misappropriation of money. The second count alleges that the Secretary abused his discretion by failing to take into account the passive nature of plaintiff's role. The

third count alleges that the plaintiff was not given proper notice in the administrative proceedings. The third count is the subject of plaintiff's motion for summary judgment. Defendant responded to the motion for summary judgment by making a motion for judgment on the agency's record under Rule 56.1. The dispute can be resolved without giving importance to the discordant form of the motions by the parties. It is treated as arising in dispositive motions which must be resolved based on the administrative record.

■ The libel claim of Count 1 is clearly outside the jurisdiction of this Court. In *Bar Bea Truck Leasing Co., Inc. v. United States*, 4 CIT 70, 546 F.Supp. 558 (1982), *aff'd* 713 F.2d 1563 (Fed.Cir.1983) the Court held that claims of injury or damage as a result of the alleged tortious acts of Government employees are within the exclusive jurisdiction of the District Courts by virtue of the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Accordingly, the claim made in the first count must be dismissed for lack of subject matter jurisdiction.

The claim of a passive role made in Count 2 will also not benefit plaintiff. On the subject of Stuart Robbins' role, the Hearing Officer concluded as follows:

1. Robbins, Inc. violated the requirements of 19 C.F.R. § 111.29 in 103 instances as cited in the charges 1 through 110, excluding charges # 3, 5, 8, 12, 66, 67, and 97 by failing to pay to the Government within 30 days of receipt duty funds received by the broker from the importer. The broker failed to exercise due diligence in making these financial settlements.

2. *Allen Robbins, and Stuart Robbins were the individual licensees responsible for the conduct of Robbins, Inc., the corporate broker.* They are thus responsible for the violations of Robbins, Inc. of 19 C.F.R. § 111.29.

3. The above-cited 103 instances of failure to exercise due diligence in making payments to the U.S. Customs Service is strong evidence of lack of responsible supervision of Robbins, Inc.

4. *Allen Robbins and Stuart Robbins each failed to exercise responsible supervision and control over the transaction of Customs business of the corporation as required by 19 C.F.R. § 111.28 for the proper required conduct of the brokerage business.*

5. The violations cited above of 19 C.F.R. § 111.29 and 19 C.F.R. § 111.28 constitute grounds for the revocation or suspension of the licensees; Robbins, Inc., Allen Robbins, and Stuart Robbins as provided for in 19 C.F.R. § 111.53 due to failure to comply with the duties, responsibilities and requirements of Customhouse brokers.

■ The Court finds that there is substantial evidence in the record to support these conclusions and that under the law this does indeed constitute a failure to exercise responsible supervision and control over the transaction of Customs business of the corporation and is therefore a violation of 19 C.F.R. § 111.28. The Court cannot accept the argument that plaintiff fulfilled his responsibilities by delegating them to his brother, Allen Robbins. It would be anomalous to allow a Customs broker whose individual license and supervision is a predicate for the operation of a corporate brokerage to insulate his individual license from revocation by pleading a lack of involvement in the affairs of the brokerage. If the brokerage violates the regulations then it may either be attributable to acts of the individual brokers or to their failure to properly supervise the affairs of the brokerage. In either event, the individual license must be considered subject to the revocation authority of the Secretary of the Treasury in the circumstances. This conclusion also has implications for plaintiff's third claim, namely, that Customs failed to give him an opportunity to comply with Customs regulations in accordance with 5 U.S.C. § 558(c).

■ 5 U.S.C. § 558(c) of the Administrative Procedure Acts states as follows:

Except in case of willfulness or those in which public health, interest, or safety requires otherwise, the withdrawal, suspension, revocation, or annulment of a license is lawful only if, before the institution of agency proceedings therefore, the licensee has been given

(1) Notice by the agency in writing of the facts or conduct which may warrant the action; and

(2) Opportunity to demonstrate or achieve compliance with all lawful requirements.

It is the opinion of the Court that to the extent that the revocation of this license was based on the failure to exercise proper supervision over the affairs of the brokerage, the withdrawal of the broker from participation in those affairs must be considered to be a willful act as opposed to a negligent or inadvertent act. Accordingly, it would seem proper that in order for the agency to take action regarding the consequences of such a failure of supervision, it need not give notice to the broker. Since the record shows that plaintiff had a full measure of participation in the proceedings it appears that there was no illegality or unfairness in the eventual revocation of his broker's license.

For the reasons given above it is the decision of the Court that defendants' motion for judgment on the record be granted and plaintiff's motion for summary judgment be denied.